## HARRIS *v.* FLENNIKEN, *et al.*

Where an execution has been quashed on recognizance by the defendant, under the statute, the issuance of an alias execution and demand of the property liable to seizure under the first execution, by the officer, are conditions precedent to a right of action on the recognizance, and must be averred in the declaration.

*Appeal from Union Circuit Court.*

Hon. JOHN T. BEARDEN, Circuit Judge.

ASKEW, for the appellant.

The breaches negative the performance of the conditions of the instrument in every particular. The condition itself shows that the execution therein recited never was levied; and appellant insists that, upon the quashing of the supersedeas by the circuit court, his right of action was complete, without further action on his part; and it became the duty of the appellees to pay the debt, &c.

CARLETON, for the appellees.

The declaration does not aver the issuance of an alias execution, nor a demand by the officer for the property. *Sec. 82, ch. 68, Gould's Dig.* Clearly, the appellees had the privilege of

discharging themselves, by surrendering their property in execution. Its issuance, and placing it in the hands of the officer, was a condition precedent, and without such averment, the declaration is fatally defective. *3 Ark., 207; ib., 247; ib., 252.*

COMPTON, J.

This was an action of debt by John G. Harris, against William C. Flenniken, David G. Flenniken, and James J. McElroy, as principals, and Josiah McElroy and Josiah M. M. Flenniken, as securities, in a recognizance for the quashal of an execution.

The recognizance and the condition thereof, as recited in the declaration, are such as the statute prescribes; and the several breaches of the condition, assigned in the declaration, are substantially the same, and may be stated as follows: That, at the April term, 1861, of the Union circuit court, the plaintiff recovered judgment against the said William C. Flenniken, David G. Flenniken and James J. McElroy, for the sum of $1,774$\frac{30}{100}$, with interest and costs of suit; that, afterwards, on the 15th of November, 1865, execution was issued on said judgment, and placed in the hands of the sheriff; whereupon, on application of the said William C. Flenniken, David G. Flenniken and James J. McElroy, the judge of said circuit court, on the 10th of March, 1866, made an order staying further proceedings on said execution, upon the applicants entering into the recognizance sued on, and directed the sheriff to make return of said execution accordingly; that afterwards, at the April term, 1867, the order staying said execution was by the court set aside and held for nought, and the plaintiff restored to all his rights as they existed prior to the granting of such stay; and that, notwithstanding the judgment of the court, setting aside said order, the said William C. Flenniken, David G. Flenniken and James J. McElroy, defendants in said execution, did not, nor did either of them, pay to the plaintiff the sum of money recovered against them, as aforesaid, nor did they, or either of them, surrender in execution their property

6

liable to be seized and sold to satisfy said execution, nor did the said Josiah McElroy and Josiah M. M. Flenniken, their securities, do so for them, &c.

A demurrer to the declaration was sustained, on the ground that it was not shown, in any of the breaches, that an alias execution was issued on the judgment recovered against the principal in the recognizance, and placed in the hands of the proper officer, and that such officer demanded of the defendants the property subject to the execution, which had been returned unsatisfied, in consequence of the order staying the same.

The recognizance, as before remarked, conforms, in all respects, to the statute (*Gould's Dig., ch. 68, sec. 82*), which provides that the recognizance shall be conditioned, that, if the application to quash the execution be determined against the applicant, he will pay the debt, damages and costs recovered, or surrender in execution his property liable to be seized and sold under such execution, or that the securities will do it for him; thus indicating two modes by which the recognizance may be discharged, and leaving it to the option of the parties bound by the recognizance to adopt either. It is not only the right of the parties, but may be also greatly to the advantage of the securities, that the property should be surrendered, rather than that the debt should be paid—especially where the value of the property subject to the execution is less than the amount of the debt recovered; and yet, if the execution has been returned, and no alias issued, there could be no surrender of the property, in accordance with the terms of the recognizance, and as contemplated by the statute. In such case, the issuance of an alias, and a demand by the officer in whose hands it is placed, are conditions precedent to a right of action on the recognizance, and must be averred in the declaration. *Childers v. Foster*, 3 Ark., 252. The decision of the court below was, therefore, correct, and the judgment is affirmed.